**WEST COUNTY INTERNAL MEDICINE, INC., Plaintiff-Appellant,**

v.

**Norman FISHMAN, M.D., Defendant-Respondent.**

Nos. 47001, 47942.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 23, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 7, 1985.

Application to Transfer Denied
Feb. 26, 1985.

Edward C. Cody, St. Louis, for plaintiff-appellant.

Charles Marshall Friedman, St. Louis, for defendant-respondent.

PER CURIAM.

Plaintiff appeals from a judgment entered by the Circuit Court of the County of St. Louis for defendant in an action seeking injunctive relief, an accounting, damages for the alleged conversion of plaintiff's medical records and patient lists, and alleged fraud and breach of employment contract. Although injunctive relief was de-nied, the court ordered an accounting by the defendant. This accounting was to reflect payments defendant received for services rendered by him while in plaintiff's employ. Also, plaintiff appeals from an order: (1) overruling plaintiff's objections to defendant's accounting; (2) denying plaintiff's request for the production of documents; (3) denying plaintiff's request for interrogatories; (4) denying plaintiff's request for a jury trial on the fact issues in the accounting.

Defendant, Dr. Norman Fishman, was employed by plaintiff, West County Internal Medicine, Inc., from March 1978 to November 1980. In 1979, plaintiff and defendant entered into a one year contract effective July 1, 1979, providing, in pertinent part: "Upon termination of Employee's [Fishman] employment, he shall be entitled to take with him such case records, case histories, x-ray films, etc. of patients brought in or acquired by him during the term of his employment." In the spring and summer of 1980, defendant and plaintiff's president attempted to negotiate a new contract, but failed to reach an agreement. In the summer of 1980, defendant began making preparations to leave plaintiff's employ. He marked the files of patients he saw regularly, and went into the office at night to make copies of other records including patient lists. After defendant terminated his employment, he mailed announcement cards and telephoned various patients with whom he had scheduled appointments prior to his leaving. Defendant also received certain payments for work done while he was employed by plaintiff.

Plaintiff instituted action to temporarily and permanently restrain defendant from using the records obtained from plaintiff and soliciting patients listed in the records. Plaintiff also sought actual and punitive damages, as well as an accounting for the payments made to defendant for work done while he was in plaintiff's employ.

Plaintiff contends that the trial court erred in: (1) failing to allow plaintiff to introduce relevant evidence at the show

cause hearing; (2) failing to temporarily and permanently restrain defendant from using the copies of plaintiff's records; (3) finding that the record did not establish that defendant engaged in solicitation of patients; (4) refusing to permit discovery or a hearing on plaintiff's objections to defendant's accounting. We affirm.

Having carefully reviewed the record and considered each of the points raised by plaintiff, we find that the trial court's judgment is supported by substantial evidence and the trial judge did not erroneously declare or apply the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). An extended discussion of these points would be of no precedential value. Rule 84.16(b).

Judgment affirmed.